■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN TORRES, Appellant.—Judgment, Supreme Court, New York County, rendered on January 17, 1973, and judgment, Supreme Court, New York County, rendered on February 6, 1973, unanimously affirmed. No opinion. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.

■ In the Matter of BLANCHE GABAER, Appellant, v DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered on August 27, 1975, unanimously affirmed, without costs and without disbursements, for the reasons stated by Saypol, J., at Special Term. No opinion. Concur—Murphy, J. P., Tilzer, Lane, Nunez and Lynch, JJ.

■ SPIER COMPANY, INC., Appellant, v METAFRAME CORPORATION, Respondent.—Judgment, Supreme Court, New York County, entered on February 14, 1975, unanimously affirmed for the reasons stated by Gellinoff, J., at Trial Term, and that the respondent recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lynch, JJ.

■ TROSTER SINGER & Co., Respondent, v EDWARD E. KESSLER, Appellant.—Order, Supreme Court, New York County, entered on June 26, 1975, unanimously affirmed, with $40 costs and disbursements to respondent. It was a sound exercise of discretion in the circumstances shown for the court to direct a trial forthwith before a referee of the court on the question of whether personal jurisdiction had been acquired over defendant-appellant, a nonresident. The claim of jurisdiction is based upon an alleged business relationship between the parties, the existence of which is hotly disputed. Concur—Markewich, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.

■ ETTIE WOLF, Appellant, v BERNARD BRIVIC et al., Respondents. FUCHSBERG & FUCHSBERG, Respondents.—Orders, Supreme Court, Bronx County, entered November 29, 1974, and May 15, 1975, unanimously affirmed, without costs and without disbursements. The earlier order approved a settlement agreed to in open court; the later one denied a stay of the earlier order. We find nothing in the record to' sustain plaintiff-appellant's contention that either harassment of counsel or undue influence played a part in consent to the stipulation of settlement. It was free, voluntary, and appropriate. Concur—Stevens, P. J., Markewich, Tilzer, Lane and Nunez, JJ.

■ In the Matter of DEREK S., Appellant.—Orders of disposition, Family Court of the State of New York, New York County, entered February 11, 1975, committing appellant for placement at the New York Training School at Warwick, unanimously affirmed, without costs and without disbursements. The court's exercise of discretion was condign to the recommendations contained in probation reports to the effect that institutionalization was required for this adjudicated juvenile delinquent who had committed acts which, if performed by an adult, would have constituted serious crimes of violence. Concur—Markewich, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.